# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**11-24335**

In Re Application Of MESA POWER GROUP, LLC, pursuant to 28 U.S.C. § 1782 For Judicial Assistance in Obtaining Evidence from NEXTERA ENERGY RESOURCES, LLC; ARMANDO PIMENTEL, JR.; MITCHELL F. DAVIDSON; MICHAEL O'SULLIVAN; MARK R. SORENSEN; T.J. TUSCAI; LOUIS COAKLEY; AND ROSS GROFFMAN For Use in a Foreign and International Proceeding
_____/

UNGARO

### DECLARATION OF LEE ROBERTSON III IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN AND INTERNATIONAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

Under penalties of perjury, pursuant to 28 U.S.C. § 1746, and being duly authorized, I, Lee Robertson III, declare as follows:

1. I am an executive with Mesa Power Group, LLC ("Mesa Power"). I submit this Declaration in support of Mesa Power's application for an Order, pursuant to 28 U.S.C. § 1782, for leave to serve NextEra Energy Resources, LLC ("NextEra"); Armando Pimentel, Jr.; Mitchell F. Davidson; Michael O'Sullivan; Mark R. Sorensen; T.J. Tuscai; Louis Coakley; and Ross Groffman (collectively hereinafter referred to as the "Named Persons") with discovery subpoenas in connection with pending proceedings against the Government of Canada. I state the following based upon personal knowledge and investigations of relevant documents and with individuals with knowledge as to the subject matter hereof.

**Relevant Parties**

2. Mesa Power Group, LLC is a Delaware limited liability corporation dedicated,

among other things, to the generation and management of wind energy and wind energy projects respectively. It owns Mesa Wind, LLC ("Mesa Wind"), which in turn owns and controls Mesa AWA, LLC ("Mesa AWA"). Mesa AWA owns and controls four wind farm projects in Ontario, Canada. All these entities and the wind farm projects are interested persons, affected by the Government of Canada, which is the subject of arbitration proceedings before a foreign tribunal.

3.   The Government of Canada is a Party to the North American Free Trade Agreement ("NAFTA"). Canada has principally acted through the provincial government, the Government of the Province of Ontario, and Ontario's state enterprise, the Ontario Power Authority ("OPA"). The Province of Ontario is a subnational government of Canada. Canada is responsible for Ontario's observance of the NAFTA pursuant to NAFTA Article 105. The OPA is a state enterprise that is wholly owned and controlled by the Province of Ontario. The Ontario Ministry of Energy has powers, conferred by Ontario law, to direct the OPA to implement a renewable energy Feed-In-Tariff program, known as the FIT Program. These powers include the setting of prices and the administration of contracts. The defined power purchase rates are paid for pursuant to the contracts between the OPA and electricity generators.

4.   NextEra Energy Resources, LLC ("NextEra") is a wholesale power generator with facilities in twenty six states and Canada, with a particular focus on clean and renewable energy. Its parent company, NextEra Energy, Inc., is a fortune 200 company and claims to be one of the largest providers of clean energy services in the U.S. NextEra's corporate headquarters are located at 700 Universe Blvd., Juno Beach, Fl. 33408, and a registered agent designated as Leon, J.E., at 4200 West Flagler Street, Miami, Fl. 33134.

5.   NextEra Energy Canada, ULC, an indirect, wholly owned subsidiary of NextEra, lists three projects on its company website that were awarded FIT Contracts by the OPA. These

projects, the Bluewater Wind Energy Centre, the Jericho Wind Energy Centre, and the East Durham Wind Energy Centre, were awarded to Boulevard Associates Canada, Inc. ("Boulevard") on July 4, 2011.

6.   Armando Pimentel, Jr., a resident of this District, is the current President and Chief Executive Officer of NextEra; Mitchell F. Davidson, a resident of this District, is a the previous President and Chief Executive Officer of NextEra; Michael O'Sullivan, a resident of this District, is the Senior Vice-President, Development of NextEra; Mark R. Sorensen, a resident of this District, is the Vice-President, Finance and Chief Executive Officer of Nextera; T.J. Tuscai, a resident of this District, is the Senior Vice-President, Business Management of NextEra; Louis Coakley, a resident of this District, is the Project Manager, Environmental Services of NextEra; and Ross Groffman, a resident of this District, is the Project Director of NextEra.  Michael O' Sullivan, Mark R. Sorensen and T.J. Tuscai also are Directors of Boulevard.

## Basis for the Proceedings

7.   Through long-term fixed price contracts with the OPA, the Ontario FIT Program guaranteed electrical grid access to renewable energy producers. The renewable energy producers in the FIT Program would receive a set price for renewable energy, and a guaranteed contract for the energy they produce. As a green energy supplier, Mesa Power wished to enter into contractual relations with the OPA to conduct business with local distribution companies and transmission asset owners.

8.   To participate in the FIT Program, applicants must comply with all of the rules established by the OPA regarding the FIT Program (the "FIT Rules"). A successful applicant under the FIT Program would receive a Power Purchase Agreement (PPA) from the OPA, that

guaranteed a set purchase price over a twenty year period (the "FIT Contract").

9. Mesa Power owns and controls four wind farm projects in the Province of Ontario, Canada. These wind farms were the subjects of six applications to obtain long term power purchase agreements under the Ontario FIT program.

10. On June 3, 2011, the OPA issued, without prior notice, new rules for awarding FIT Program contracts. Among other things, these new rules announced that FIT Program bidders would be able to change their interconnect point, and thus the locales for the bids that had already been filed and ranked, within five days thereof. These new rules effectively prevented Mesa Power from obtaining any contracts with the OPA.

11. Prior to these rule changes, NextEra, through Boulevard, had two projects in the West of London Transmission Area of Ontario, Canada, the ranking of which was too low to be awarded contracts under the FIT program. Within the five days provided for by the new rules, however, Boulevard and NextEra were able to produce advanced and extensive engineering drawings and other technical plans to permit their project in the West of London Transmission Area to interconnect with the Bruce Transmission Area by proposing a transmission line to connect from one region to the other.

12. As a result, and to the detriment of Mesa Power, on July 4, 2011, NextEra and Boulevard were awarded FIT Contracts in preference to Mesa Power.

13. Conversely, Mesa Power was not offered FIT Program contracts. Mesa Power was shut out of the market by the Government of Ontario's unfair preference. The Government of Ontario unfairly usurped Mesa Power's ranking, and thereby confirmed a course of conduct of arbitrariness, discrimination, and inequitable treatment as compared to other investors.

14. The effect of these governmental measures resulted in loss and damage to Mesa

Power and to Mesa Power's related business operations.

15. The documents of NextEra and the Named Persons, which demonstrate the obtaining of that benefit, to the detriment of Mesa Power, are directly related to the subject matter of the international and foreign tribunal of the following arbitration claim.

### Arbitration Proceedings

16. This application is in support of arbitration proceedings that have commenced. Pursuant to NAFTA Articles 1116 and 1119, on July 6, 2011, Mesa Power filed with the Government of Canada, in Ottawa, Canada, a Notice of Intent under the United Nations Commission on International Trade Law ("UNCITRAL") Arbitration Rules to establish an international tribunal, to address violations of Section A of Chapter 11 thereof. Mesa Power filed a Notice of Arbitration pursuant to NAFTA Article 1120 in Ottawa, Canada, on October 4, 2011. The filing of this Notice formally commenced a NAFTA Arbitration Claim before a foreign and international arbitration Tribunal governed by international law and the NAFTA.

17. In the proceedings, Mesa Power is seeking:

(a) A declaration that the Canadian Government has breached the NAFTA;

(b) A declaration that such a breach has caused harm to Mesa Power; and

(c) An award of the following amounts of damages to be payable by Canada:

  i. Not less than CDN$775,000,000 for the value of Mesa Power's investments;

  ii. Appropriate compound interest on this amount at commercial interest rates; and

  iii. An amount to be fixed for the costs and disbursements for professional and experts advisors and the costs of the arbitration.

18.     A true and correct copy of the Notice of Arbitration is attached as Exhibit A.

19.     This arbitration has been commenced pursuant to Article 1120 of the NAFTA. The foreign and international NAFTA tribunal established under this international trade and investment treaty constitutes an international tribunal operating under the governing law confirmed in NAFTA Article 1131 as being international law, the NAFTA as well as the UNCITRAL Arbitration Rules.

20.     Mesa Power, as a disputing party in the international arbitration under the NAFTA, is an interested party before this Court.

## The Relevance of Requested Discovery

21.     Mesa Power respectfully applies for an Order for the production and preservation of highly important documents that are directly related to the Government of Ontario's actions, and which are in the possession of NextEra and the Named Persons, as well as the deposition of relevant employees and agents with knowledge of the foregoing acts.

22.     The evidence is relevant as the documents and testimony sought relate to the central issue in the dispute, namely the difference in the level treatment between Mesa Power and NextEra, the reasons for NextEra being afforded better treatment, and the criteria that was applied by the Government of Ontario to NextEra.

23.     The documents requested are specifically described in Exhibit B.

24.     Mesa Power applies to depose the following senior executive members of NextEra, who are likely to have knowledge of the issues central to this arbitration, and are found within the jurisdiction of this Court:

   a)   Armando Pimentel, Jr., current President and Chief Executive Officer;

   b)   Mitchell F. Davidson, former President and Chief Executive Officer;

    c)    Michael O' Sullivan, Senior Vice-President, Development;

    d)    Mark R. Sorensen, Vice-President, Finance and Chief Financial Officer;

    e)    T.J. Tuscai, Senior Vice-President, Business Management;

    f)    Louis Coakley, Environmental Services, Project Manager; and

    g)    Ross Groffman, Project Director.

25.    Mesa Power has reason to believe that the political nature of the allegations contained within Mesa Power's Notice of Arbitration may encourage the Government of Ontario to pressure NextEra to remove relevant evidence related to the arbitration and transfer it to NextEra offices, located outside the jurisdiction of this Court. An Order by this Court would ensure that such evidence would be preserved from political interference and prevent either their destruction or removal to other offices outside the jurisdiction of this Court.

26.    This application is also urgent on the basis that NextEra or the Named Persons are likely to relocate documents outside of this Court's jurisdiction, for their own reasons and for their own benefit, as a direct competitor of Mesa Power.

27.    The documents requested below can reasonably be assumed to be in the possession, custody or control of NextEra, or the Named Persons in this District, and the documents requested are of the type that would reasonably exist in light of available public information. The Applicant believes that such documents, or categories of documents, are within the possession, custody or control of NextEra, or the Named Persons in this District.

## Conclusion

28.    In light of the foregoing, Mesa respectfully submits that all of the requirements of 28 U.S.C. § 1782 are met:

    a)    NextEra resides in this District;

b) The Named Persons are found in this District;

c) Mesa Power Group is an "interested person" within the meaning of the statute;

d) Mesa seeks to obtain documents for use in proceedings in a foreign and international proceeding; and

e) NextEra has relevant and pivotal information concerning Mesa Power's claims in the proceeding.

29. No previous application for this relief has been made in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of November, 2011, at Dallas, Texas.

By: _____
Lee Robertson III