## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24335-CIV-UNGARO/TORRES

In Re Application of MESA POWER GROUP, LLC
Pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in Obtaining evidence from NEXTERA ENERGY
RESOURCES, LLC.; ARMANDO PIMENTAL, JR.;
MITCHELL F. DAVIDSON; MICHAEL O'SULLIVAN;
MARK R. SORENSEN; T.J. TUSCAI; LOUIS COAKLEY;
and ROSS GROFFMAN for use in a Foreign
and International Proceeding.
_____/

### ORDER DENYING NEXTERA ENERGY RESOURCE'S MOTION TO QUASH SUBPOENA DUCES TECUM AND DEPOSITION SUBPOENAS

This matter is before the Court on NextEra Energy Resources' ("NextEra") Motion to Quash Subpoena Duces Tecum and Deposition Subpoenas [D.E. 9] filed April 6, 2012. NextEra additionally filed a Supplement to Motion to Quash on May 1, 2012 [D.E. 25]. Mesa Power Group, LLC ("Mesa Power") responded in opposition on May 21, 2012 [D.E. 28]. NextEra then filed a reply to Mesa Power's Opposition to Quash Subpoena Duces Tecum and Deposition Subpoenas. [D.E. 30]. Finally, Mesa Power filed a Notice of Supplemental Authority on June 6, 2012 [D.E. 32], to which NextEra responded. Both parties also appeared before the Court on June 19, 2012 for a Hearing on NextEra's Motion to Quash. Upon review of the motions, responses, replies, the record, and the arguments made by counsel at the hearing, we conclude that NextEra's Motion to Quash Subpoena Duces Tecum and Deposition Subpoenas should be denied.

## I.   BACKGROUND

### A.   *NAFTA Arbitration*

This matter arises from Mesa Power's Ex Parte Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign and International Proceeding pursuant to 28 U.S.C. § 1782. Mesa Power sought assistance in a pending arbitration under the North American Free Trade Agreement ("NAFTA") involving Mesa Power and the Government of Canada [D.E. 1]. According to the Ex Parte Application, in July 2011, Mesa Power was awaiting the response to six applications that had been filed under the Ontario FIT program. The Ontario FIT Program guarantees electrical grid access to renewable energy producers through long-term fixed price contracts with the Ontario Power Authority ("OPA").

However, as alleged by Mesa Power, on July 3, 2011 an unexpected change in the rules for awarding FIT Program contracts effectively prevented Mesa Power from obtaining any contracts with the OPA. Due to the ability to change interconnect points, NextEra and Boulevard were awarded FIT contracts while Mesa Power was allegedly shut out of the market. Mesa Power claims that the Government of Ontario unfairly usurped Mesa Power's ranking, essentially confirming a course of conduct of arbitrariness, discrimination, and inequitable treatment as compared to other investors.

Since Canada is responsible for Ontario's observance of NAFTA pursuant to NAFTA Article 105, Mesa Power proceeded to file a Notice of Intent under the United Nations Commission of Internal Trade Law ("UNCITRAL") with the Government of

Canada to establish an international tribunal to address violations of section A of Chapter 11 of NAFTA by Canada. On October 4, 2011, Mesa Power filed a Notice of Arbitration in Ottawa, Canada, claiming that Canada imposed sudden and discriminatory changes to the established scheme for renewable energy. In the NAFTA Arbitration proceedings, Mesa Power is seeking: (a) a declaration that the Canadian Government has breached NAFTA; (b) a declaration that such a breach has caused harm to Mesa Power; and (c) an award of damages for the value of Mesa Power's investments; appropriate compound interest on this amount; and an amount for the costs and disbursements for professional and expert advisors and the costs of arbitration.

### B.   *Miami Proceedings*

Mesa Power then filed an Ex Parte Application, accompanied by a declaration, a memorandum of law, correspondence regarding the arbitration, and a notice of arbitration, seeking to conduct discovery pursuant to 28 U.S.C. § 1782 [D.E. 1]. In preparation for the NAFTA Arbitration, the Application requested documents within NextEra's possession and control relating to the Ontario FIT Program, including communications with the Government of Ontario, lobbyist groups in Canada, and other third parties that were involved in NextEra's bid process. Mesa Power also sought to depose seven senior executive members of NextEra. On December 6, 2011, the Ex Parte Application for Judicial Assistance was granted [D.E. 4]. NextEra responded shortly thereafter by filing a Motion to Quash Subpoena and Deposition Subpoenas [D.E. 9], which motion was referred for disposition.

NextEra argued in its Motion to Quash that the discovery sought was contrary to the applicable discretionary factors established in *Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241, 255 (2004). Specifically, NextEra claimed that Mesa Power did not prove that NAFTA would be receptive to the discovery sought and as such it was unclear whether this was an attempt to circumvent the tribunals' proof-gathering mechanisms. In addition, NextEra asserted that the request sought company trade secrets and competitive information while imposing an undue burden. As for the deposition subpoenas, NextEra claimed that they should be quashed since the tribunal had not yet decided if Mesa was entitled to discovery, and, if not quashed, they should alternatively be restricted to less intrusive means. NextEra considered the request to depose the most senior executives inappropriate where other agents of the corporation could be deposed.

Mesa Power reiterated in its Opposition to NextEra's Motion to Quash that, contrary to NextEra's assertions, the *Intel* discretionary factors weighed in favor of denying the Motion to Quash. Mesa Power contended that the discoverability and admissibility of evidence in the foreign proceeding does not bar a district court from ordering discovery. Even more so, it is not a factor to be considered unless NextEra had authoritative proof that such evidence would be rejected. Mesa Power further responded to NextEra's assertions that the NAFTA Arbitration proceeding was not even pending by stating that the proceeding had in fact been recognized and, even if it had not been pending, *Intel* instructs us that discovery can still be attained through § 1782 at the pre-investigative stage. Additionally, Mesa Power contended that,

because there is no exhaustion requirement, NextEra's argument that Mesa Power should first seek discovery from Canada in the foreign proceedings held no weight.

Mesa Power additionally responded to the claim that the requests were unduly intrusive or burdensome, and, even if they were, NextEra waived a right to objections since it failed to specify how the discovery requests were burdensome. NextEra's failure to specify their concerns allegedly extended to their assertion that the requested documents were confidential. Finally, Mesa Power contended that the depositions were appropriate but offered to substitute the seven executives subpoenaed for the deposition of a person most knowledgeable as identified by NextEra.

## II. ANALYSIS

### A. *Assistance to Foreign and International Tribunals to Litigants Before Such Tribunals Pursuant to 28 U.S.C. § 1782*

The applicable statute relevant to this dispute, 28 U.S.C. § 1782(a), provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal …. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

Since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to §1782. *Intel*, 542 U.S. at 247-48. "The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Lo Ka Chun v. Lo To*, 858 F.2d 1564, 1565 (11th Cir. 1988). As such, Congress has intentionally granted the district courts broad discretion in granting judicial assistance under § 1782. *In re Application of Consorcio Ecuatoriano de Telecommunicaciones S.A.*, 2012 WL 2369166, at *21 (11th Cir. 2012); *see In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007); *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001).[1]

A district court has authority to grant an application for judicial assistance pursuant to § 1782 if the following statutory requirements are met: (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside and be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a); *see In re Clerici*, 481 F.3d at 1332. If these requirements are met, then § 1782 "authorizes, but does not require,

---

[1] While the Eleventh Circuit's decision in *United Kingdom* was limited by *Intel* regarding its implication that there is a foreign discoverability requirement (a factor that weakens NextEra's position here), the remainder of the opinion remains Circuit precedent. *See Intel*, 542 U.S. at 253; *In re Consorcio Ecuatoriano*, 2012 WL 2369166, at *21.

a federal district court to provide assistance." *Intel*, 542 U.S. at 255; *see also United Kingdom*, 238 F.3d at 1319.

Once the statutory requirements have been satisfied, the district court should consider the following factors in deciding whether to exercise the discretion granted under § 1782: (1) whether "the person from whom discovery sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." *In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264-65).

Section 1782(a) further "directs judges to provide discovery assistance pursuant to the Federal Rules of Civil Procedure," *Weber v. Finker*, 554 F.3d 1379, 1383 (11th Cir. 2009), so long as the order does not prescribe the practice and procedure of the foreign country or the international tribunal. Based upon these factors, the district court can deny, modify or order discovery as requested. *See Intel*, 542 U.S. at 265-65.

### B.     *Section 1782(a) Statutory Requirements*

NextEra does not dispute that the threshold requirements authorizing judicial assistance under § 1782(a) have been satisfied. First, as a party to the dispute, Mesa Power plainly is an "interested person." 28 U.S.C. § 1782(a). Second, Mesa Power's

application seeks evidence in the form of document production and deposition testimony.

As to the third factor, Mesa Power requested evidence for use in NAFTA arbitration, which functionally qualifies as a "foreign or international tribunal" under section 1782. *See In re Consorcio,* 2012 WL 2369166, at *15 (holding an arbitral panel in Ecuador fell within section 1782's scope); *In re Application of Winning (HK) Shipping Co. Ltd.,* 2010 WL 1796579, at *6-7 (S.D. Fla. 2010) (holding an arbitration tribunal fell within the purview of section 1782); *see also Comision Ejecutiva, Hidroelectrica del R o Lempa v. Nejapa Power Co., LLC*, 2008 WL 4809035, at *1 (D. Del. Oct. 14, 2008) (noting that *Intel* indicates "that Section 1782 does indeed apply to private foreign arbitrations"). The Eleventh Circuit delineated a "broad functional construction of the term 'tribunal' [based on the] substantial guidance" of the Supreme Court in *Intel*. *In re Consorcio Ecuatoriano*, 2012 WL 2369166, at *15 (citing *Intel*, 541 U.S. at 255 n.9, 257-58).[2] Accordingly, an arbitral body falls within the scope of 1782 if (1) it's a first-instance adjudicative decisionmaker, (2) it permits the gathering and submission of evidence, (3) it has authority to determine liability and impose penalties, and (4) its decision is subject to judicial review. *In re Consorcio Ecuatoriano*, 2012 WL 2369166, at *15. As agreed by both parties, the third factor is satisfied since the NAFTA proceedings pass this functional test.

---

[2]The Second and Fifth Circuits interpreted § 1782 more narrowly in two pre-*Intel* decisions, with respect to purely private arbitrations. *See Republic of Kazakhstan v. Biedermann Int'l*, 169 F.3d 880, 881 (5th Cir. 1999) ("we elect to follow the Second Circuit's recent decisions that § 1782 does not apply to private international arbitrations"); *Nat'l Broadcasting Co., Inc. v. Bear Stearns & Co., Inc.*, 165 F.3d 184, 190 (2nd Cir. 1999) (holding that § 1782 does not apply to private arbitral tribunals).

Fourth, Mesa Power seeks discovery from NextEra, which is headquartered in Juno Beach, FL with a registered agent in Miami. Thus, NextEra resides in and is "found in the district of the district court ruling on the application for assistance." 28 U.S.C. § 1782(a). Therefore, the Court is undoubtedly authorized by statute to provide § 1782 assistance.

### C.  *Application of the Discretionary Factors*

Careful review of the *Intel* factors strongly favors the Court granting Mesa Power's application for judicial assistance.

First, there is no dispute that NextEra is not a participant to the pending proceeding in Canada. The Supreme Court held that since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach … , their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. As such, the first factor – whether the person from whom discovery sought is a participant – weighs in favor of granting discovery. Admittedly, some of the requested discovery might be available to the foreign tribunal through Canada, as is evident by the discovery already produced. But it is not certain that all of NextEra's relevant documents would be accessible without judicial assistance in this jurisdiction. *Cf. In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) (finding section 1782 assistance unnecessary and improper where the discovery requested was already in the foreign tribunal's possession).

As to the second discretionary factor – "the nature of the foreign tribunal, the character of the proceedings underway abroad" – NextEra argues that the Court

should quash the subpoena, at least until the newly filed arbitration advances to the discovery stage as those proceedings are still at a premature stage. We disagree for the most part. *See, e.g., In re Clerici*, 481 F.3d at 1334. Section 1782 may authorize and encourage judicial assistance even if the foreign proceeding has not commenced or advanced because "§ 1782 is not limited to proceedings that are pending." *Id.* at 1333 n. 12 (citing *Intel*, 542 U.S. at 248-49). In fact, the proceedings need "only . . . be within reasonable contemplation." *Intel*, 542 U.S. at 259. Under this standard, the proceedings have sufficiently matured as NextEra has evidently been contemplating this NAFTA arbitration since, at the latest, before October 4, 2011, Canada has already been notified of the proceedings, filing and processing fees have been paid, and the process of choosing the arbitration panel has begun.

Moreover, contrary to NextEra's argument that discovery should be delayed because the scope of relevant discovery could change as the proceedings progress [D.E. 30], there is no satisfactory reason to stay all discovery from this jurisdiction until a final hearing date is scheduled. Where, as discussed below, the requested discovery goes to the heart of the NAFTA arbitration and the discovery will be limited to communications between Canada and NextEra regarding the specific projects, it is unlikely that the scope of discovery from NextEra would be altered. In fact, NextEra nearly conceded in its Reply [D.E. 30] that communications between NextEra and the Canadian government are relevant to the underlying proceedings.

Finally, the proceedings have advanced beyond the nascent stages. Mediation has been purportedly completed and, as of the date of the hearing, the selection of the

arbitrator was in process. Most relevant, Mesa Power notified the Court that the arbitration should in fact begin in October. In any event, as mentioned before and explained by *Intel*, the proceedings are not required to have reached this point before relief under the statute may be sought. *See Intel*, 542 U.S. at 259.

NextEra also contends that fairness and efficiency principles dictate that Mesa Power's failure to prove the receptivity of the foreign tribunal weighs against judicial assistance. NextEra later disclaims in its Reply [D.E. 30] that it is actually presenting an exhaustion argument or an admissibility argument. Neverthless, "[t]o the extent that [NextEra's] argument may be read as suggesting that an interested party must meet a foreign discovery requirement, prior to being entitled to assistance under section 1782, that argument was soundly rejected by the Supreme Court." *In re Application of Winning*, 2010 WL 1796579 at *10, n.7.[3] And although *Intel* did not resolve who must "demonstrate receptivity or . . . nonreceptivity of a foreign tribunal," the party requesting judicial assistance does not have to prove receptivity to show that they are not attempting to circumvent foreign proof-gathering mechanisms. *See, e.g., In re Chevron*, 762 F. Supp. 2d 242, 252 (D. Mass. 2010). If anything, this factor weighs against judicial assistance when the opposing party shows that the foreign tribunal actively opposes the discovery. *Compare In re Clerici*, 481 F.3d at 1335

---

[3]While the Eleventh Circuit had previously required that the "district court ... decide whether the evidence would be discoverable in the foreign country," *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), it is now clear that "§ 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel*, 543 U.S. at 247; *see also In re Clerici*, 481 F.3d at 1333 n.12.

(finding that "there is nothing in the record to suggest that the district court should have declined to grant the § 1782 application based on the nature of the foreign tribunal or the character of proceedings in Panama, or that the Panamanian Court's request is merely an attempt to circumvent foreign proof-gathering mechanisms") *and In re Chevron Corp.*, 762 F. Supp. 2d at 250 (holding the Intel factors weigh in favor of granting 1782 application even though it was "not entirely clear that the Ecuadorian criminal court [wa]s receptive to such 'discovery assistance'"), *with In re Microsoft*, 428 F. Supp. 2d at 194 (granting motion to quash discovery because the tribunal vehemently opposed the judicial aid, the tribunal's rules governing discovery guaranteed equal document access, and "a decision by this Court would either preempt or contradict a decision by the" tribunal).

Absent a persuasive showing that a section 1782 applicant like Mesa Power is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions, which showing has clearly not been made here, this factor does not counsel against section 1782 relief.  *See also In re Application of Winning*, 2010 WL 1796579 at *10 (explaining that even if the producing party had proven that the requested discovery would not have to be disclosed until after the submissions to the arbitration panel were made, the producing party still would not have made a sufficient showing that the requests concealed an attempt to circumvent the foreign proof-gathering mechanisms).

As to the third discretionary factor, we reject NextEra's broad contention that the discovery requests are overly burdensome. District courts must "weigh the section

1782 applicant's asserted need for the evidence against the nature of the foreign proceeding and concerns of undue burden or intrusiveness . . . in determining whether to grant a section 1782 application." *In re Consorcio Ecuatoriano*, 2012 WL 2369166, at *20 n.7. Any requests that are "unduly intrusive or burdensome . . . may be rejected or trimmed." 542 U.S. at 265. For instance, "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a).

The Court finds, contrary to NextEra's assertions, that most of Mesa Power's discovery requests materially comply with the requirement that the discovery be "relevant to the foreign proceeding." *In re Dr. Braga*, 789 F. Supp. 2d at 1304; *compare In re Consorcio Ecuatoriano*, 2012 WL 2369166 at *24 (holding that the discovery "relating to . . . the rates charged . . . to CONOCEL or the procedure or methodology for applying the rates to be charged . . . [are] plainly relevant" to the foreign proceedings as they formed the basis of CONOCEL's defense)*, with Kang v. Noro-Moseley Partners*, 246 Fed. App'x. 662, 664 (11th Cir. 2007) (affirming order quashing subpoena due to "irrelevance of the requested discovery to the nature of the foreign proceedings"). The communications between Canada and NextEra regarding the Power Purchase Agreements under the Feed In Tariff program go to the central issue in the underlying arbitration: the alleged difference in treatment between Mesa Power and NextEra, the reasons for NextEra being afforded better treatment, and the criteria that was applied by Canada to NextEra [D.E. 28, Opp. at 4].

We acknowledge, however, that NextEra correctly questions the relevance and breadth of NextEra's internal documents and of the communications with third parties other than Canada. E.g., Discovery Requests #7 and 8. Those document requests appear to be unduly intrusive and unnecessary, at least at this early stage of the process. But in the main the document requests seek communications between NextEra and Canada, which documents are highly relevant to the issues raised in the foreign arbitration.

Additionally, although Mesa Power has received some documents through the Ontario Access Information Act, it is uncertain that all relevant information could be accessed through this avenue, especially since NextEra is a nonparticipant in the foreign proceeding and may be "outside the foreign tribunal's jurisdictional reach." *Intel*, 542 U.S. at 244. The documents in NextEra's possession and control still carry sufficient relevance and evidentiary value. Accordingly, contrary to NextEra's position, Mesa Power has shown that the need to obtain this discovery is in fact high based on its relevance and possible unavailability otherwise.

And, further, NextEra has failed to show, as the party moving to quash the subpoena, that the subpoena as a whole subjected it to an undue burden. Although the Federal Rules of Civil Procedure permits a Court to quash or modify a subpoena if it "subjects a person to undue burden," Fed. R. Civ. P. 45(c)(3)(iv), the party moving to quash the subpoena "must show the subpoena subjects him to undue burden." *Int'l Ass'n of Machinists and Aeerospace Workers v. P&B Transp.*, 2007 WL 4145974, at *2 (M.D. Fla. 2007) (denying motion to quash subpoena because the producing party

"failed to provide the Court with anything more than conclusory statements ... such as '[t[he [s]ubpoena is ... overburdening"); *see also Fadalla v. Life Automative Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

Rather than meeting this burden, Next Era took the "all-or-nothing discovery challenge[]" approach. *In re Consorcio Ecuatoriano,* 2012 WL 2369166 at *25. Like the unsuccessful challenger in that case, NextEra may have been better served by simply seeking to "limit discovery[,] identifying the terms of the written request that [were] overly broad[,] or asserting how the scope of the request should be narrowed," in accordance with Eleventh Circuit guidance. *Id.* at *25 (finding that the district court properly exercised its discretion in providing judicial assistance under 1782 since the objecting party "failed to identify which particular discovery requests [were] . . . unduly burdensome or to provide any specific evidence to support its blanket claim that [they] should be exempted from having to comply with any and all discovery obligations due to overarching concerns about confidentiality"); *accord Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597-98 (7th Cir. 2011) (noting that the "district court's denial of any discovery was all the more unreasonable because [the producing party] had refused to meet with [opposing counsel] to negotiate a reduction in the amount of discovery sought and . . . refuse[d] to present any evidence of the burdens that granting [the] discovery request would impose.").

Finally, no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored. The discovery requested here is narrower

than the discovery requested in *In re Consorcio Ecuatoriano* as Mesa Power is requesting documents that directly relate to the foreign proceeding and that date from within a reasonable time period. *Compare In re Consorcio Ecuatoriano,* 2012 WL 2369166 at *25 (holding that discovery was appropriately tailored as it "limit[ed] the request to information" within a six year time period relating to one specific contract and the deposition of a person most knowledgeable), *with Advanced Micro Devices, Inc. v. Intel Corp.*, 2004 U.S. Dist. LEXIS 21437 (on remand from the Supreme Court, the district court found the 1782 application to be "unduly intrusive and burdensome [since there was] . . . no attempt to tailor its application to the subject matter of the EC Complaint").

The record shows that NextEra maintains project files together such that NextEra could efficiently access the requested communications relating to the specified projects from 2009 to 2011. It is difficult to fathom how such a complex application process would be organized otherwise. At the same time, because the Court is cognizant that NextEra is a non-participant of the underlying proceedings, we are hesitant to place any unnecessary burden on NextEra. Accordingly, although the *Intel* factors weigh in favor of assistance, such assistance will be tailored to provide only the most relevant discovery at this time. Moreover, the monetary costs for the identification and production of responsive data or documents shall be borne by Mesa Power.

With respect to the final discretionary factor to consider, NextEra failed to provide the Court with a substantial basis upon which to protect alleged trade secrets

or commercial information. The Federal Rules of Civil Procedure permit the Court to quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Pro. 45(c)(3)(B)(I). A traditional protective order that the parties can agree upon will adequately address this issue and protect NextEra's internal confidential documents from being turned oer to any third parties or for any issues other than this litigation.

### III.  CONCLUSION

For the foregoing reasons, NextEra's Motion to Quash [D.E. 9] is **DENIED**. The Court will enforce Mesa Power's section 1782 subpoena by compelling initially production of communications between NextEra and Canada that are central to the arbitration proceedings at issue. Nonetheless, in order to minimize the burden on NextEra, the Court will limit the discovery at this stage to only those communications between NextEra and Canada. At a later time, the scope of discovery may be broadened, if appropriate, or depositions required, especially if the arbitration panel indicates its interest in obtaining such information. For now, the production of those documents addressed herein should begin promptly. Responsive documents for the years 2009 - 2011 as to Discovery Requests Nos. 1-3 shall be produced within fourteen days, or as otherwise agreed between the parties. The parties should continue to confer as to additional production or the scheduling of a deposition as time proceeds, failing which the Court can address those issues going forward if necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of July, 2012.

EDWIN G. TORRES
United States Magistrate Judge