UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24335-CIV-UNGARO/TORRES

In Re: Application of MESA POWER GROUP, LLC,
Pursuant to 28 U.S.C. § 1782 for judicial assistance
in obtaining evidence from NEXTERA ENERGY
RESOURCES, LLC; ARMANDO PIMENTEL, JR.;
MITCHELL F. DAVIDSON; MICHAEL O'SULLIVAN;
MARK R. SORENSEN; T.J. TUSCAI; LOUIS COAKLEY;
and ROSS GROFFMAN for use in a Foreign and
International Proceeding.
_____/

**ORDER ON MESA'S MOTION TO COMPEL RULE 30(b)(6) WITNESS**

This matter is before the Court on Applicant Mesa Power Group, LLC's ("Mesa") Motion to Compel Respondent NextEra Energy Resources, LLC ("NextEra") to Produce and Designate Witness for Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). [D.E. 58]. Based on our review of the Motion and related filings, and the court file, we Deny the Motion for the following reasons.

1. Mesa seeks an order compelling NextEra to produce one or more Rule 30(b)(6) corporate representatives who can testify about certain issues that are relevant to Mesa's claims in a pending arbitration between Mesa and the Government of Canada brought pursuant to the North American Free Trade Agreement ("NAFTA").[1]

2. Mesa's motion follows our July 13, 2012 Order requiring NextEra to

---

[1] The arbitration concerns Mesa's claim that Canada (principally through the Ontario Power Authority ("OPA") and others) provided preferential treatment to NextEra and other competitors of Mesa, in violation of NAFTA, in awarding wind energy projects under the renewable energy Feed-In-Tariff ("FIT") program.

produce, pursuant to Mesa's 28 U.S.C. § 1782 subpoena, "communications between NextEra and Canada that are central to the arbitration proceedings at issue." [D.E. 40 at 17]. In that Order, we denied Mesa's request to depose NextEra's corporate representatives while allowing the production of a limited category of documents (i.e., communications between NextEra and Canada). [*Id.*]. We indicated that "the scope of discovery may be broadened [at a later time], if appropriate, or depositions required, especially if the arbitration panel indicates its interest in obtaining such information." [*Id.*].

3.   Mesa argues that the documents NextEra produced raise additional issues that relate directly to Mesa's claims in the pending NAFTA arbitration and that depositions are necessary to clarify remaining issues. Accordingly, Mesa seeks to examine NextEra's 30(b)(6) representative or representatives on the following topics:

   a.   NextEra's meetings, communications and calls with Canada, including meetings involving lobbyists acting on behalf of NextEra;

   b.   NextEra's knowledge and information obtained from Canada regarding opportunities to change connection points and award of contracts, including NextEra's advance notice of rule changes;

   c.   NextEra's business operations in Canada, including information regarding communications regarding physical change in location of Feed-In-Tariff ("FIT") projects; and

   d.   NextEra's communications with Canada about 500kV transmission system operated in Canada.

[D.E. 58 at 6-7].

4.   Mesa contends that these topics are consistent with what we previously ordered to be discovered and that the request for a 30(b)(6) deposition is not a "new"

request for evidence but merely a continuation of its original request for depositions made at the inception of this case.

5. NextEra raises several grounds in opposition to the motion. We find the first ground persuasive and deny Mesa's motion on that basis.

6. Our previous decision to permit discovery of certain documents is not determinative of the issue now before us, i.e., whether Mesa should be permitted to depose NextEra's representative(s) about those documents. As we explained in our July 13, 2013 Order, even when the statutory requirements for authorizing judicial assistance under Section 1782 are met, as in this case, the statute "authorizes, but does not require, a federal district court to provide assistance." [D.E. 40 at 6-7 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)]. It is well-established that once the statutory requirements are met, a court has broad discretion to grant or deny a request for discovery. [*Id.* at 7 (citing *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (quoting *Intel*, 542 U.S. at 264-65); and other cases)].

7. Our prior consideration of the *Intel* factors counseled in favor of discovery. At that time, in July 2012, the selection of the arbitrator in the NAFTA proceeding had not been finalized and arbitration had not yet begun. Now, however, proceedings before the arbitration panel are underway and circumstances have changed, enough so that we do not reach the same conclusion about Mesa's current request for discovery.

8. Specifically, in the NAFTA proceeding, Canada objected to Mesa's introduction of or reliance on evidence obtained pursuant to Section 1782. On March 28, 2013, the arbitration panel issued a ruling declining Canada's request to

summarily reject all "Section 1782 documents" that have been or will be filed in that arbitral proceeding, noting that Canada would have a future opportunity to object to their admission. [D.E. 62-1 at 17-18]. However, and significantly, the panel evidenced a clear intent to supervise the discovery-gathering process in this and other federal district courts:

> [T]he Tribunal agrees with Respondent's [Canada's] request that *further efforts by the Claimant [Mesa] to obtain evidence on Section 1782 be pursued exclusively under the supervision of the Tribunal* []. . . . [I]f the Claimant wishes to initiate new proceedings for gathering evidence *or to make new requests for further evidence in the existing proceedings, it shall seek the authorization of this Tribunal in advance.*

[*Id.* at 18-19 (emphasis supplied)]. The panel thus ordered Mesa to report periodically on the status of all proceedings initiated in the United States pursuant to Section 1782. [*Id.*].

9. Mesa did not seek authorization from the arbitration panel before filing the motion for 30(b)(6) depositions that is now before us. Mesa should have, though, because the motion is not simply a continuation of its prior request but a "new request for further evidence" in the current proceeding. We already denied the original request for depositions and terminated the action. [D.E. 40 at 17]. Though we previously indicated that additional discovery might be appropriate at some point, the fact that the purpose of the depositions is to ask follow-up questions based on the documents we ordered produced does not make it any less of a new request for further evidence.

10. The implicit suggestion by Mesa that its April 29, 2013 letter to the arbitration panel satisfies the requirement that it seek prior authorization before making a new request for further evidence is without merit. Mesa's letter advised the

panel that the parties here were discussing "a deposition to take place by way of agreement" but since they could not reach an agreement, the issue "will now be determined by" this Court. [D.E. 67-1 at 3-4]. The letter also provided information about the status of the other Section 1782 proceedings. Thus, the letter was merely an update on the status of this and the other pending federal court proceedings, submitted pursuant to the panel's directive for periodic status updates. [D.E. 62-1 at 18-19].

11.   Moreover, the panel's simple acknowledgment of receipt of Mesa's letter [D.E. 67-2 at 2], and the panel's failure to either object or question Mesa's statement that the deposition issue would be decided here, were not tantamount to its approval of Mesa's course of action here. If in fact the panel does approve, that can easily be made clear in an order or request from the panel itself.

12.   The arbitration panel made it perfectly clear that all further efforts by Mesa to obtain discovery in this and other Section 1782 proceedings should be pursued under its exclusive supervision. All requests for further evidence are to be initiated only after consultation with the panel. That did not happen. Mesa thus has attempted to circumvent the panel's control over the arbitration proceedings. Under these circumstances, we decline to exercise our discretion to authorize the requested depositions absent a showing that the arbitration panel approves of these collateral proceedings.[2]  *See, e.g., In re Application of Caratube Int'l Oil Co., LLP*, 730 F. Supp. 2d 101, 107-108 (D.D.C. 2010) (denying oil company's Section 1782 request for judicial

---

[2] We also note that several of the individuals whom Mesa identified as having direct knowledge of the FIT program and NextEra's communications with Canadian officials reside and work in Canada. We see no evidence suggesting that Mesa has attempted to depose these or other individuals knowledgeable about the topics at issue within the confines of the NAFTA arbitration proceeding.

assistance, in part because the company, in unilaterally seeking to obtain discovery in U.S. federal court for use in an international arbitration, had "side-stepped" the discovery guidelines that governed the arbitration and "thus undermined the Tribunal's control over the discovery process.").

13.     Based on the foregoing, we hereby **ORDER and ADJUDGE** that Mesa Power Group, LLC's Motion to Compel NextEra to Produce and Designate Witness for Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) [D.E. 58] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of July, 2013.

/s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge